IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMIR ALEXANDER BAHRAMI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO. 1:11-CV-4483-SCJ-AJB |
| v. | : | |
| | : | |
| MAXIE PRICE CHEVROLET-OLDSMOBILE, INC., | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Before the Court is Plaintiff's motion to quash third-party subpoenas, [Doc. 50]. For the reasons explained herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

**I.   Background**

This is an action alleging harassment, discrimination, and retaliation related to religion, color, race, and national origin. [Doc. 50 at 2-3]. On April 25, 2013, and May 1, 2013, Defendant caused subpoenas to be issued to six entities located within the Northern District of Georgia, the District of Idaho, the Northern District of Texas, the Southern District of Texas, and the Western District of Texas. [Doc. 47; Doc. 49]. The

AO 72A
(Rev.8/82)

entities are four prior employers[1] of Plaintiff and two employment search companies used by Plaintiff after his termination from Defendant. [Doc. 50 at 3; Doc. 56 at 1-2]. The subpoenas to employers sought information including applications; pay records; W-2, W-4, and 1099 forms; records regarding resignation, termination, and reasons for leaving employment; records regarding disputes over unemployment benefits; employment or other contracts; performance evaluations; reprimands; commendations; promotions; demotions; work restrictions; and transfers. [*See e.g.*, Doc. 47-1]. The subpoenas to employment search companies sought applications, resumes, references, questionnaire responses, and any other documents related to Plaintiff. [*See e.g.*, Doc. 49-1].

On May 6, 2013, Plaintiff filed the instant motion to quash in which he argues that the subpoenas to prior employers are not relevant, are beyond the scope of permissible discovery, are too broad in scope because they lack temporal restrictions, and are not reasonably calculated to lead to the discovery of relevant or admissible evidence. [Doc. 50 at 3-4]. He also asserts that the requests invade his privacy and are vexatious, harassing, annoying, and oppressive, and not likely to lead to the discovery

---

[1] Plaintiff explains that he was employed by one of the entities, Leif Johnson Ford, Inc., both before and after his employment with Defendant. [Doc. 59 at 1 n.1].

2

of admissible evidence. [*Id.* at 4]. Additionally, Plaintiff argues that the out-of-district subpoenas are technically deficient. [Doc. 50 at 3-5].

On May 23, 2013, Defendant filed a response. [Doc. 56]. Therein, Defendant counters that Plaintiff's motion is moot. [*Id.* at 2-3]. Defendant states that it has already received responses to the subpoenas from Leif Johnson Ford, Inc. (W.D. Tex.), [*see* Doc. 47-4]; Carl Black Automotive Group, LLC (N.D. Ga.), [*see* Doc. 47-2], and Gillman Imports of Austin, Inc. (S.D. Tex.), [*see* Doc. 47-3]. [Doc. 56 at 2]. Defendant further states that two other subpoenas (presumably, those to Dealerclassified.com (D. Idaho) and Tom Jumper Chevrolet, Inc. (N.D. Ga.)) were returned as undeliverable. [*Id.* at 2]. It explains that it has not received a response to the subpoena to Dealership Experts, LLC. (N.D. Tex.). [*Id.* at 2-3]. Defendant states that it is withdrawing the subpoena to Dealership Experts, LLC. (N.D. Tex.), as well as the other three subpoenas issued to out-of-state entities and that it plans to re-issue them. [*Id.* at 3]. Defendant then argues that Plaintiff's motion to quash should be denied because the motion should be treated as having been brought under Rule 26, and Plaintiff failed to comply with Rule 26(c) regarding a certification that the movant has conferred or attempted to confer in good faith to resolve the dispute without court action. [Doc. 56 at 3-4]. It contends that the prior employment records are relevant

3

AO 72A
(Rev.8/82)

because it is entitled to pursue an after-acquired evidence defense and determine the possibility of Plaintiff's falsifying information in his application for employment with Defendant, [*id.* at 5-7], and the records are relevant to Plaintiff's motive and credibility, [*id.* at 7-9].

On June 10, 2013, Plaintiff filed a reply, arguing that his motion was not a motion for a protective order and therefore not subject to the certification requirement of Rule 26(c). [Doc. 59 at 3-5]. He further argues that the subpoenas are a fishing expedition and the information sought is outside the scope of discovery. [*Id.* at 5-7]. He contends that because Defendant has not set forth any evidence to support its suspicions that Plaintiff's application was inaccurate, Defendant cannot put forth an after-acquired evidence defense nor can it justify the subpoenas to the prior employers. [*Id.* at 7-9]. He argues that discovery directed at pre-employment and post-termination job performance is off-limits when the goal is to show conduct similar to that which is at issue in a discrimination case because the discovery is designed to elicit evidence of character and tends to be needlessly harassing. [*Id.* at 9-13]. Finally, Plaintiff argues that Defendant should be ordered to destroy any documents it has received from the subpoenaed entities. [*Id.* at 13-14].

AO 72A
(Rev.8/8
2)

## II.     Discussion

### A.     Plaintiff's Standing to Bring the Rule 45 Motion

As an initial matter, in response to Defendant's argument that Plaintiff is essentially bringing a motion for protective order under Rule 26, and that the motion should be treated as such, the Court declines to treat the motion as one brought under Rule 26.  The Court will, however, consider Plaintiff's standing to bring the motion under Rule 45.

Under Rule 45, "[o]rdinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the documents being sought." *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (citations omitted).  In other words, "standing exists if the party alleges a 'personal right or privilege' with respect to the subpoenas." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)$^2$).  Courts addressing the issue of standing to object to third-party subpoenas for employment-related records have noted that "an individual

---

$^2$        In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Barrington v. Mortg. IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) (collecting cases); *see also Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D. 237, 239 (E.D. Va. 2012) ("[N]umerous courts from within a wide variety of circuits have approved the existence of such a right and have held that such parties have standing to challenge subpoenas directed to their former employers."). The Court concludes that Plaintiff has standing under Rule 45 to bring this motion to quash subpoenas to non-parties.

**B.     The Court's Jurisdiction to Quash the Out-Of-District Subpoenas**

Rule 45 provides as follows:

(3) Quashing or Modifying a Subpoena.

    (A) When Required. On timely motion, *the issuing court* must quash or modify a subpoena that:

        (i) fails to allow a reasonable time to comply;

        (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by

AO 72A
(Rev.8/82)

>
> > traveling from any such place within the state where the trial is held;
> >
> > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> >
> > (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3) (emphasis added). This Court is not the issuing court for the subpoenas to the four out-of-district entities, and therefore the Court does not have jurisdiction to quash these subpoenas. *See id.*; *Malibu Media, LLC v. Doe*, --- F. Supp. 2d ---, 2013 WL 525352, at *7 (M.D. Fla. Feb. 13, 2013) ("This Court does not have jurisdiction to quash or modify any subpoenas that were issued outside of the Middle District of Florida."); *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001) ("Rule 45 specifically confers jurisdiction on the court issuing the subpoena and that court alone"); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2463.1 (3d ed.) ("[M]otions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued."). As to these four subpoenas issued by district courts outside of the Northern District of Georgia, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to quash.

> > traveling from any such place within the state where the trial is held;
> >
> > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> >
> > (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3) (emphasis added). This Court is not the issuing court for the subpoenas to the four out-of-district entities, and therefore the Court does not have jurisdiction to quash these subpoenas. *See id.*; *Malibu Media, LLC v. Doe*, --- F. Supp. 2d ---, 2013 WL 525352, at *7 (M.D. Fla. Feb. 13, 2013) ("This Court does not have jurisdiction to quash or modify any subpoenas that were issued outside of the Middle District of Florida."); *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001) ("Rule 45 specifically confers jurisdiction on the court issuing the subpoena and that court alone"); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2463.1 (3d ed.) ("[M]otions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued."). As to these four subpoenas issued by district courts outside of the Northern District of Georgia, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to quash.

AO 72A
(Rev.8/82)

### C.     The Subpoenas Issued in the Northern District of Georgia

The Court now turns to the subpoenas issued in the Northern District of Georgia, *i.e.*, the subpoena to Tom Jumper Chevrolet, Inc., [Doc. 47-1], and the subpoena to Carl Black Automotive Group, LLC, [Doc. 47-2].  Both entities are prior employers of Plaintiff.  [Doc. 50 at 3; Doc. 56 at 2].  The subpoena issued to Tom Jumper Chevrolet, Inc. was returned as undeliverable.  [Doc. 56 at 2].  Carl Black Automotive Group, LLC has already responded to the subpoena it received.  [Doc. 56 at 2].

Discussion of the scope of discovery allowed under a subpoena requires consideration of Rule 26.  *See Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. Aug. 24, 2012) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed, taking into consideration facts peculiar to their status as a non-party, those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); *Dering v. Serv. Experts Alliance LLC*, No. 1:06-CV-00357-RWS, 2007 WL 4299968, at *2 (N.D. Ga. Dec.6, 2007) ("[T]he scope of subpoenas for production of documents pursuant to Rule 45 'is the same as the scope of discovery under Rule 26(b) and Rule 34.' ") (quoting *Commissariat a L'Energie Atomique v. Samsung Elec. Co.*, No. 8:06-mc-44-T-30TBM, 2006 WL 5003562, at *2 (M.D. Fla. June 14, 2006));

*Chamberlain v. Farmington Savings Bank*, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *1 (D. Conn. Sept.25, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."). Rule 26 provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As noted, Defendant contends first that "Plaintiff may have misrepresented information on his job application" because he "may have been terminated by a prior employer," but he did not reveal such to Defendant on his record of previous employment. [Doc. 56 at 5-6]. In other words, Defendant argues that the prior employment records are relevant because it has "reasonable suspicions over the accuracy of his application," and such would be applicable to an after-acquired evidence defense. [*Id.* at 6].[3] Second, Defendant contends that the prior employment records "may lead to evidence related to Plaintiff's motive and credibility." [*Id.* at 7].

---

[3]  The after-acquired evidence defense limits an employee's remedies based on evidence found during discovery. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995). The Supreme Court has recognized a "concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims." *Id.*

9

Specifically, "Defendant contends that Plaintiff was terminated because of his manager's belief that he was performing his job poorly," and therefore "Defendant seeks evidence that Plaintiff had similar performance issues in his proper employment." [*Id.*].

Where parties have cited speculative reasons for seeking employment records, courts have granted motions to quash subpoenas or for protective orders. *See E.E.O.C. v. S. Haulers,* LLC, No. 11-00564-N, 2012 WL 1768064, at *3-4 (S.D. Ala. May 17, 2012) (granting motions to quash because "the mere possibility" that defendant might discover evidence or "fish out" something that might be admissible as impeachment evidence did not justify the broad requests); *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia, Inc.*, No. 11-cv-02560-MSK-MEH, 2012 WL 934312, at *3 (D. Colo. March 19, 2012) ("Defendant's contention that such dated information 'may' be relevant to an after-acquired evidence defense or 'may' demonstrate an alternative source of emotional distress inches over the line into a 'fishing expedition' barred by the applicable rules."); *Liles v. Stuart Weitzman, LLC*, No. 09-61448-CIV, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010) (granting motion for protective order and explaining that "Defendant . . . has cited no authority to support his argument that a plaintiff's employment records from his former employer are

relevant (or are likely to lead to admissible evidence) to demonstrate poor performance while employed by the defendant. Moreover, courts considering the issue have held to the contrary."); *E.E.O.C. v. Jack Marshall Foods, Inc.*, No. 09-0160-WS-M, 2010 WL 55635, at *6 (S.D. Ala. Jan. 4, 2010) (affirming magistrate judge's order granting motion to quash overbroad subpoenas to former employers); *Sanders v. Dalcraft, LLC*, No. 3-09-CV-0307-P, 2009 WL 1392602, at *2 (N.D. Tex. May 18, 2009) ("Courts generally agree that the after-acquired evidence defense 'cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed.' ") (citation omitted); *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) ("Though the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery."). On the other hand, where there is evidence that supports an argument of relevancy of the records sought, and where subpoenas are appropriately limited (*e.g.*, limited in time), courts have denied motions to quash subpoenas. *See James v. Frederick J. Hanna & Assocs., P.C.*, No. 1:08-cv-3674-CAM-GGB (N.D. Ga. April 16, 2009) (denying motion to quash where defendant had learned that plaintiff had provided false information on her job

application and had filed internal complaints and lawsuits against former employers) [Doc. 56-2 at 8-11]; *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167RSL, 2009 WL 279036, at *2 (W.D. Wash. Feb. 5, 2009) (granting in part and denying in part plaintiff's motion for protective order, and noting that "[b]ecause plaintiff was intentionally untruthful at least once regarding an important issue, defendant is entitled to further probe her credibility."); *Graham v. Casey's General Stores*, 206 F.R.D. 251, 255-56 (S.D. Ind. 2002) (denying motion to quash where plaintiff conceded she had a criminal conviction before her employment with defendant, and defendant "properly limited the subpoenas to the employer immediately before and after [plaintiff's] employment with Defendant," but granting motion to quash where plaintiff's employment application could be obtained through less intrusive means, such as a request for production on plaintiff herself).

Here, the Court concludes that Defendant's contentions that Plaintiff "may have misrepresented information" and "may have been terminated," and its statement that it "seeks evidence that Plaintiff had similar performance issues in his prior employment" do not provide grounds for denying the motion to quash. Therefore, as to the two subpoenas issued by the Northern District of Georgia, the Court **GRANTS** Plaintiff's motion to quash.  Defendant **SHALL DESTROY FORTHWITH** any

AO 72A
(Rev.8/82)

records received pursuant to either of the subpoenas and any copies thereof, and submit to the Court within five (5) days of this order a certification attesting to such destruction.

### III.   Conclusion

For the reasons herein, the motion, [Doc. 50], is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to the subpoenas issued to Tom Jumper Chevrolet, Inc. and Carl Black Automotive Group, LLC.  Defendant shall destroy forthwith any records received pursuant to either of the subpoenas and any copies thereof, and shall submit a certification attesting to the destruction within five (5) days of this Order.

The motion is **DENIED WITHOUT PREJUDICE** as to the subpoenas to Leif Johnson Ford, Inc., Gillman Imports of Austin, Inc., Dealership Experts, LLC, and Dealerclassified.com.

**IT IS SO ORDERED**, this 19th day of June, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)